UNITED STATES of America,
Appellee,

v.

Edward GOYKHMAN, Defendant–
Appellant.

No. 04–3278–CR.

United States Court of Appeals,
Second Circuit.

March 29, 2005.

Brian E. Maas, Frankfurt, Kurnit, Klein & Selz, P.C., New York, NY, for Appellant.

Daniel S. Ruzumna, Assistant United States Attorney, Southern District of New York, New York, N.Y. (David N. Kelley, United States Attorney, and Marcus A. Asner and Adam B. Siegel, Assistant United States Attorneys, on the brief), for Appellee.

PRESENT: MESKILL, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction be **AFFIRMED** and the case be **REMANDED** with instructions to **VACATE** and **RESENTENCE.**

Defendant-appellant Edward Goykhman appeals from a judgment entered on June 3, 2004, by the United States District Court for the Southern District of New York (Owen, *J.*), convicting him of seven counts of wire fraud, in violation of 18 U.S.C. § 1343, and sentencing him to forty-six months' incarceration, three years' supervised release, a restitution payment of $1,398,132, forfeiture to the Government of the same amount, and a mandatory $700 special assessment. We assume familiarity with the facts, the procedural context, and the issues on appeal.

■ 1. The district court did not err in holding that the Speedy Trial Act was not violated. It properly found that enough of the period of delay at issue was automatically excluded under the Act. *See* 18 U.S.C. § 3161(h)(3)(A) (period of delay due to unavailability of essential witnesses excluded from Speedy Trial calculation). Assuming, *arguendo*, that there was a Speedy Trial Act violation, it was harmless. *See United States v. Zedner*, 401 F.3d 36, 47 (2d Cir.2005) ("[W]e conclude that harmless error analysis is appropriate in Speedy Trial Act cases[.]").

■ 2. The Government did not violate Goykhman's rights under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Goykhman has failed to show that if the impeachment material at issue were disclosed earlier, there would have been "a reasonable probability of a different result." *United States v. Coppa*, 267 F.3d 132, 143 (2d Cir.2001).

■ 3. The district court did not abuse its discretion in declining to admit an excerpt from Goykhman's post-arrest statement at trial; the excerpt was unnecessary to explain a portion of the post-arrest statement submitted by the Government, place that evidence in context, or avoid misleading the jury. *United States v. Marin*, 669 F.2d 73, 84 (2d Cir.1982); *see also United States v. Jones*, 299 F.3d 103, 112 (2d Cir.2002) (admissibility determinations reviewed for abuse of discretion).

■ 4. The district court did not abuse its discretion in limiting the scope of Goykhman's redirect examination of de-

fense witness Evgeniy Myndra. *See United States v. Diaz,* 176 F.3d 52, 80 (2d Cir.1999) (scope of redirect entrusted to trial judge's broad discretion; redirect can be used to rebut false impressions created on cross-examination, but trial judge in best position to determine whether false impression was created).

■ 5. Even if the prosecutor's conduct during summation was improper, such misconduct was not "egregious," and therefore does not merit reversal. *See United States v. Shareef,* 190 F.3d 71, 78 (2d Cir.1999) (quotation omitted).

■ 6. The forfeiture judgment entered by the district court violates the Ex Post Facto Clause. *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (ex post facto violation where punishment imposed is greater than that "annexed to the crime, when committed"). The judgment was authorized based on an amendment to the civil forfeiture statute adopted after the illegal conduct at issue here occurred. *See* Civil Asset Forfeiture Reform Act, Pub.L. No. 106–185, 114 Stat. 202 (2000).

■ 7. The district court erred in calculating Goykhman's Guidelines sentence.* First, the record shows that the district court refused to consider evidence submitted by Goykhman regarding the proper calculation of the loss due to his fraud. *See United States v. Altman,* 901 F.2d 1161, 1162, 1164–65 (2d Cir.1990) (district court erred in refusing to consider key evidence bearing on enhancement). Second, the court failed to make sufficient findings to support application of the abuse of trust enhancement. *See United States*

---

\* Despite the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Circuit's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), a review of the district court's application of the Guidelines is necessary. Where a district court errs in

*v. Molina,* 356 F.3d 269, 275–76 (2d Cir. 2004) (district court must make specific factual findings to support enhancement).

For the foregoing reasons, the judgment of conviction is **AFFIRMED,** and this case is **REMANDED** with instructions to **VACATE** and **RESENTENCE** consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and not inconsistent with *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

calculating a defendant's Guidelines sentence, a *Crosby* remand—whereby the district court would first decide *whether to* resentence, comparing the Guidelines sentence and the post-*Booker* sentence that would have been imposed—is inappropriate.